By the Court.
The plaintiff in error was sued by The National Life Insurance Company, which alleged in its petition that the former had conspired with the various agents of the latter with a view to secretly procuring the active services of' such agents in behalf of plaintiff in error. The petition alleged that the defendant employed various employes of The National Life Insurance Company, and, with their connivance, secretly transferred to itself the business of The National Life • Insurance Company, while such employes were still in the employ of the latter, in possession of its record’s, and receiving compensation from it. Originally these agents were made parties to the *209 action, which asked for equitable relief and damages. Later all the defendants except The Columbus Mutual Life Insurance' Company were dismissed from the case, and the case was tried to a jury, which rendered a verdict for the plaintiff. The judgment of the trial court was affirmed by the court of appeals, whereupon error was prosecuted here.
Upon the trial the court permitted the prayer to the petition to be amended so that it asked for relief for money only. No, error intervened at this point, especially where equitable relief was neither finally sought nor awarded by the decree of the court. As originally begun the action was one at law for damages, although equitable relief was sought incidentally in order to prevent further damages accruing to the plaintiff from the action of its employes, while they were occupying relations of trust in the plaintiff company.
Under the provisions of our code equitable and legal actions may now be united in a single suit. Since the cause of action was not changed by the plaintiff in the court below plaintiff had a perfect right to amend the prayer of its petition so that it might ask for damages only. If it be conceived that the remedies, legal or equitable, were originally inconsistent, in that event the plaintiff had a right to elect which of these remedies it would pursue, and in this case the plaintiff did elect to try out its action as one at law for damages only.
The action was commenced September 29, 1914. On May 12, 1916, the defendant below filed it§ *210 amended supplemental answer, which alleged that in January, 1916, “the plaintiff and the defendants entered into a contract of settlement of all matters and differences, between the parties in the above entitled cause, whereby it was agreed that this action should be settled and dismissed and in consideration therefor the defendant, The Mutual Life Insurance Company, was to pay the plaintiff the; sum of two hundred dollars ($200) and to pay the costs accruing in this, action.” It further alleged that “defendant, The Columbus Mutual Life Insurance Company, carried out the terms and conditions of said contract of settlement on its part to be performed, paid the costs in this action and tendered to the plaintiff its voucher check for the sum of two hundred dollars ($200), which the plaintiff received and accepted as full compliance with the terms, and conditions of said contract of settlement, but later refused to cash said voucher check and returned the same to the defendant, The Columbus Mutual Life Insurance Company.”
To this defense a general demurrer was filed, which was sustained by the court, and the amended supplemental answer dismissed. In this the court erred. This defense tendered a valid plea of accord and satisfaction. The supplemental answer not only sets forth the contract of settlement, 'but alleges that the terms and conditions of said contract were carried out and the settlement completed with the payment by check for two hundred dollars, which the plaintiff received and accepted in full compliance. If this allegation be true, the plaintiff below, after its acceptance of *211 such check, and the payment by defendant of the costs of the action, as alleged, had no right to refuse to cash said check and to return same to the defendant. By its receipt and acceptance of the check of two hundred dollars without complaint the plaintiff thereby waived any cash consideration which it might have claimed, and acquiesced and accepted the check itself as full payment for damages it ma,y have had against the defendant.
The courts below relied upon the case of Frost v. Johnson, 8 Ohio, 393, in support of their judgmént on the demurrer. It is not necessary to decide whether the principle announced in that case is applicable to the defense alleged in the supplemental answer, for the reason that it is stated in that pleading not only that the contract was entered into but that' the same was fully performed on the part of the defendant below by the payment of the costs and the tender and acceptance of the check.
Complaint is made of three special requests asked for by plaintiff below and given to the jury before argument. The last clause of special request No. 1 is. erroneous for the reason that the court invaded the province of the jury when it assumed that the defendant below did make use of the lists, books and records of the plaintiff to its damage! Whether such use was made and whether damage accrued should have been left to the determination of the jury.
The second and third request's, as abstract propositions of law, are not sound, but since recovery necessarily depended upon proof of fraud and un *212 worthy motives actuating the defendant, we are unable to see how any prejudice could arise from the giving of such special charges.
We find no other error in the record. The judgments of the common pleas and of the court of appeals are reversed and the cause remanded to the former for further proceedings according to law.

Judgments reversed.

Nichols, C. J., Jones, Matthias, Johnson, Donahue, Wanamaker and Robinson, JJ., concur.